UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PEPPY MARTIN                                                                          Plaintiff

v.                                                          Civil Action No. 3:24-CV-298-RGJ

UNITED STATES POSTAL SERVICE                                            Defendant

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Peppy Martin filed a *pro se*, *in forma pauperis* civil action under the Federal Tort Claims Act ("FTCA") and 19 U.S.C. § 1592 against the United States Postal Service ("USPS"). [DE 1]. Plaintiff also filed a Motion of Clarification [DE 5] of the original complaint. The Motion of Clarification [DE 5] is **GRANTED**, and the Court construes the motion as a supplemental complaint. This matter is now before the Court for an initial review of the complaint pursuant to 28 U.S.C. § 1915(e).

**I.**

Plaintiff filed this *pro* se complaint against the USPS using a court-approved complaint form. [DE 1]. Plaintiff represents that the Glenview Post Office has no home delivery and the citizens of Glenview either receive mail by hand from the postmaster or from their post office box. [DE 5]. Plaintiff alleges that the "[n]ew postmistress at the very small Glenview, Kentucky post office has done everything she can to make sure Plaintiff does NOT receive her mail sabotaging Plaintiff's personal finances for months." [DE 1, p. 4]. Plaintiff states that no notice was given for her changing the practices of her predecessors. [*Id.*]. Plaintiff maintains that the Federal Tort Claims Act allows citizens to sue when "a postal employee is negligent in the course of his employment" and claims that she warned officials as early as November 2023 that "their selection

of Postmistresses was poor."   [DE 5, p. 1].   Plaintiff seeks damages in the amount of $5.6 million. [DE 1, p. 4].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).   *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).   On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.   *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).   To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."   *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

### A. 19 U.S.C. § 1592

Title 19 U.S.C. § 1592 defines penalties for fraud, gross negligence, and negligence regarding the collection "of any lawful duty, tax, or fee." Essentially, this statute "forbids fraud in importing material into the United States." *Hayman v. Bldg. Metro Cap. LLC*, No. CV 22-2092 (TJK), 2023 WL 5951976, at *5 (D.D.C. Sept. 13, 2023). Plaintiff's utilization of this statute "cannot state a claim for relief because no private cause of action or private remedy exists under 19 U.S.C. § 1592." *Horde v. Elliot*, No. 17-CV-800 (WMW/SER), 2018 WL 987683, at *9 (D. Minn. Jan. 9, 2018). "[E]nforcement of this statute is given exclusively to the Customs Service, which may issue 'written notice of its intention to [seek] a claim for a monetary penalty.'" *Id.* (quoting 19 U.S.C. § 1592(b)). Therefore, any claim brought pursuant to 19 U.S.C. § 1592 fails to state a claim for which relief can be granted and must be dismissed.

### B. FTCA

The FTCA, 28 U.S.C. §§ 2671-2680, "provides the exclusive jurisdictional basis for tort claims against the United States and its employees for actions committed in the scope of their

employment." *Ramos v. U.S. Post Off.*, No. 1:15 CV 2428, 2015 WL 8056086, at *1 (N.D. Ohio Dec. 4, 2015). Because the FTCA provides that "the United States is the only proper defendant in a suit alleging negligence by a federal employee," the United States, instead of the USPS, is the proper defendant in this action. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)).[1] "The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity." *Ramos*, 2015 WL 8056086, at *1 (citing *United States v. Sherwood*, 312 U.S. 584, 590–91 (1941)). By enacting the FTCA, "Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment." *Ramos*, 2015 WL 8056086, at *1 (citing 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976)). Notwithstanding, this Court does not have jurisdiction to review this claim under the FTCA.

Section 2680(b) of the FTCA states that "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." "The Supreme Court explained this exception, stating: '[w]e think it more likely that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address.'" *Fox v. U.S. Postal Serv.*, No. 18-10901, 2018 WL 6843372, at *6 (E.D. Mich. Oct. 31, 2018) (quoting *Dolan v. United States Postal Service*, 546 U.S. 481, 488 (2006)); *see also Glover v. Thompson*, No. 20-10313, 2020 WL

---

[1] The Sixth Circuit recognizes that "[f]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). In order to correct the defect, Plaintiff would need to amend her complaint to name the United States as the sole defendant. *Id.* However, based on the Court's decision with respect to the application of sovereign immunity, such an amendment of the complaint would be futile.

4

6390502, at *2–3 (E.D. Mich. Mar. 24, 2020).   "This exception to the FTCA's waiver of immunity also applies to claims of *intentional* loss, delay, or theft of mail." *Fox*, 2018 WL 6843372, at *6 (citing *Levasseur v. United States*, 543 F.3d 23 (1st Cir. 2008) (holding that the theft or concealment of mail falls within the exception of § 2680(b)); *Moreland v. U.S. Post Off. Gen.*, No. 14-13147, 2015 WL 2372322, at *3 (E.D. Mich. May 18, 2015).   Accordingly, based on the allegations set forth in Plaintiff's complaint and supplemental complaint, "the Court does not have jurisdiction to entertain the claim." *Fox*, 2018 WL 6843372, at *6.

For these reasons, the Court will dismiss this action in a separate Order.

Date:  September 18, 2024

Rebecca Grady Jennings, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
A961.014

5